**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

WYNN, INC.

        Debtor

Case No. 03-30776

G. WAYNE WALLS, TRUSTEE

        Plaintiff

v.

FRANCES D. SEILER

        Defendant

Adv. Proc. No. 05-3108

**MEMORANDUM ON MOTION TO DISMISS**

**APPEARANCES:**  BAILEY, ROBERTS & BAILEY, PLLC
  Robert M. Bailey, Esq.
  Post Office Box 2189
  Knoxville, Tennessee 37901
  Attorneys for Plaintiff

  FRANCES D. SEILER
  1645 Botsworth Drive
  Knoxville, Tennessee 37922
  *Pro Se* Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff, G. Wayne Walls, Chapter 7 Trustee, on June 15, 2005, seeking to recover from the Defendant, pursuant to 11 U.S.C.A. §§ 542, 547, 548, 549, and/or 550 (West 2004), pre-petition and post-petition transfers totaling $63,269.30.

The Defendant, who is not represented by counsel, filed a Motion to Dismiss on July 14, 2005, asking the court to dismiss the Complaint, asserting that the Complaint was untimely under 11 U.S.C.A. § 546 (West 2004), and therefore, the Plaintiff does not have sufficient grounds upon which a judgment may be based.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (E), (F), (O) (West 1993).

# I

The Voluntary Petition commencing the Debtor's Chapter 11 bankruptcy case was filed on February 14, 2003. Upon the Motion of the United States Trustee, an Order was entered on October 7, 2003, appointing Sterling P. Owen, IV, as Chapter 11 Trustee. On April 29, 2004, the Chapter 11 Trustee filed a Motion to Convert to Chapter 7, which was granted on June 16, 2004. On June 30, 2004, Mr. Owen was appointed as Chapter 7 Trustee, and he continued in that capacity until January 12, 2005, when Mr. Walls was substituted as Chapter 7 Trustee.

On June 15, 2005, the Plaintiff filed this adversary proceeding, alleging that the Debtor made pre-petition transfers to the Defendant totaling $24,873.90 in 2002 and

$23,525.33 in 2003 that the Plaintiff sought to recover for the benefit of the bankruptcy estate. Additionally, the Plaintiff avers that the Debtor made post-petition transfers to the Defendant totaling $14,870.07 that are recoverable for the benefit of the estate. In his Motion to Dismiss, the Defendant argues that the Complaint was not timely filed and should be dismissed. Pursuant to E.D. Tenn. LBR 7007-1, the Plaintiff filed a Response to Motion to Dismiss (Response) on August 3, 2005, acknowledging that the Defendant's Motion to Dismiss was well-taken with respect to all of the pre-petition transfers and any post-petition transfers occurring prior to June 15, 2003.

## II

The Defendant's Motion to Dismiss falls within the scope of Rule 12(b) of the Federal Rules of Civil Procedure, for either "lack of jurisdiction over the subject matter" or "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(1), (6) (applicable in adversary proceedings pursuant to FED. R. BANKR. P. 7012(b)). When faced with a motion to dismiss an untimely complaint, pursuant to Rule 12(b)(1) or (6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Limor v. Beurger (In re Del-Met Corp.)*, 322 B.R. 781, 793 n.3 (Bankr. M.D. Tenn. 2005). Although all factual allegations are accepted as true, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v.*

*Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The focus is on "whether the plaintiff has pleaded a cognizable claim." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003). The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)).

The Defendant states that, pursuant to 11 U.S.C.A. § 546, the Plaintiff was required to file his Complaint to recover the pre-petition transfers prior to February 14, 2005. Section 546(a) states, in material part:

> (a) An action or proceeding under section . . . 547 [or] 548 . . . may not be commenced after the earlier of—
>
>> (1) the later of—
>>
>>> (A) 2 years after the entry of the order for relief; or
>>>
>>> (B) 1 year after the appointment or election of the first trustee under section . . . 1104 . . . of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>>
>> (2) the time the case is closed or dismissed.

11 U.S.C.A. § 546(a).

The order for relief was entered on February 14, 2003, the date upon which the Debtor's Chapter 11 bankruptcy case was filed. The first trustee, Mr. Owen, was appointed on October 7, 2003. Additionally, there is no dispute that the Debtor's bankruptcy case is still active. Therefore, under § 546(a), the Plaintiff was required to file any complaint to

recover pre-petition transfers from the Defendant pursuant to §§ 547 or 548 by February 14, 2005, a fact acknowledged and conceded by the Plaintiff in his Response.

The Plaintiff's Complaint was filed on June 15, 2005, four months after expiration of the statute of limitations for actions under §§ 547 and/or 548.  Accordingly, the Defendant's Motion to Dismiss shall be granted with respect to the pre-petition transfers encompassed by those statutes.  However, § 546(a) does not set forth the statute of limitations for post-petition transfers, recoverable under § 549, also pled by the Plaintiff.  That statute of limitations is addressed by § 549(d):

> (d) An action or proceeding under this section may not be commenced after the earlier of—
>
> > (1) two years after the date of the transfer sought to be avoided; or
> >
> > (2) the time the case is closed or dismissed.

11 U.S.C.A. § 549(d).

The Plaintiff seeks to recover post-petition transfers from 2003.  Because the Complaint was filed on June 15, 2005, the Plaintiff may go back two years, or to June 15, 2003, and seek recovery of any transfers occurring after that date.  In his Response, the Plaintiff clarifies that he believes post-petition transfers of approximately $7,559.29 occurred after June 15, 2003, and are thus, not time-barred by § 549(d).  The court agrees.[1]

---

[1] In his Complaint, the Plaintiff also cites §§ 542 and 550 as bases for recovery of the transfers from the Defendant.  Section 542(a) is a turnover provision, requiring that property of a debtor's bankruptcy estate "that the trustee may use, sell or lease under section 363 . . . or that the debtor may exempt under section 522" be turned over to the trustee, irrespective of the party holding such property. 11 U.S.C.A. § 542(a).  Similarly, if the Plaintiff is successful in his § 549 action, then § 550(a) would allow the Debtor's bankruptcy estate to
(continued...)

Based upon the foregoing, the Defendant's Motion to Dismiss shall be denied as to the Plaintiff's action for recovery of post-petition transfers from the Debtor to the Defendant that occurred after June 15, 2003. The Motion to Dismiss shall be granted, however, as to the Plaintiff's action to recover pre-petition transfers under §§ 547 and/or 548 and his action under § 549 to recover any post-petition transfers that occurred prior to June 15, 2003.

An order consistent with this Memorandum will be entered.

FILED: August 10, 2005

>BY THE COURT
>
>/s/ RICHARD STAIR, JR.
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE

---

[1](...continued)
recover the funds from the Defendant. See 11 U.S.C.A. § 550(a).